### STATE OF MISSOURI, Respondent, v. RAY, Appellant.

St. Louis Court of Appeals, March 19, 1907.

APPELLATE PRACTICE: Bill of Exceptions: Errors. On an appeal from a conviction of the defendant for a misdemeanor, where the rulings of the court assigned as error were not incorporated in the bill of exceptions and no error appears in the record proper, the judgment will be affirmed.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Special Judge.

AFFIRMED.

*J. W. Scoby* for appellant.

*W. R. Hall* for respondent.

BLAND, P. J.—On May 24, 1905, the grand jury of Dunklin county returned ten indictments (numbered from twenty-one to thirty inclusive) against defendant, for selling liquor without license and in violation of the local option law, which had been adopted by said county and was in full force. Defendant and other defendants, indicted at the same time, were arrested and committed to jail to answer indictments preferred against them. Hon. James L. Fort, judge of the circuit court of said county, called a special term of·the Dunklin Circuit Court for the purpose of trying defendant and others confined in jail to answer indictments, and set June 9, 1905, as the day on which said court would convene. At the same time Judge Fort disqualified himself to preside at the trial of defendant, and the prosecuting attorney and defendant agreed upon W. S. C. Walker, Esq., a member of the Dunklin county bar, to preside at the trial. Mr. Walker accepted the appointment, took the oath of office, and presided at the trial.

On motion of the prosecuting attorney, the ten indictments were consolidated. The record recites that a plea in abatement was filed by defendant, but it is not incorporated in the record. The plea was overruled by the court. Defendant was arraigned and entered a plea of not guilty. A jury was empaneled to try the cause and found defendant guilty on indictments Nos. 21 and 24, and assessed his punishment at a fine of $400 on each of said indictments. Timely motions for new trial and in arrest of judgment were filed and by the court overruled.

The motion for new trial is grounded on errors in the admission and rejection of evidence, on the hearing of the plea in abatement, and also on the trial, and alleged errors in the giving and refusing of instructions and the refusal of the court to grant certain motions of defendant, not incorporated in the record or bill of exceptions; nor is any of the evidence heard either on the hearing of the plea in abatement, or on the trial of the

cause, incorporated in the bill of exceptions. The motion in arrest challenges the sufficiency of the indictments, alleges that the local option law was not in force in Dunklin county, and challenges the authority of the grand jury to find the indictments. The indictments are in the usual and approved form in such cases. Nothing appears in the record to invalidate the adoption of the local option law in Dunklin county. The grand jury was called by a special order of the court. The appellant has not thought enough of his motions, or the merits of the appeal, to file any statement or brief in the cause, or even furnish us with a scrap of the evidence heard at the trial. We have discovered nothing in the record that would warrant us to put the trial court in the wrong, and affirm the judgment. All concur.